# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | | |
|---|---|---|
| JOHNNY ALBERT THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:10CV00041 DDN |
| | ) | |
| CITY OF HUNTSVILLE, MISSOURI, | ) | |
| and WILLIAM STUCK, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## **28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from

such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

## The Complaint

Plaintiff, a resident of Huntsville, Missouri, alleges that the Huntsville Chief of Police, William Stuck, refused to give him a copy of a police report, after he reported a "hit and run" on his vehicle. Plaintiff asserts that defendant Stuck told him that he could not release the report until the city attorney "signed off on it." Plaintiff claims that several weeks after his initial request, when his wife left a message for defendant Stuck requesting the police report, defendant Stuck did not return her call.

Plaintiff's claims regarding defendant Stuck are conclusory and he has not articulated the exact nature of his claims, the laws from which they arise, or the basis for this Court's jurisdiction. Although the Court must liberally construe plaintiff's factual allegations, it will not supply additional facts or construct a legal theory for plaintiff that assumes facts that have not been pleaded. Moreover, the Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. And even pro se litigants are obligated to plead specific facts and proper jurisdiction and must abide by the Federal Rules of Civil Procedure. See U.S. v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994); Boswell v. Honorable Governor of Texas, 138 F.Supp.2d 782, 785 (N.D. Texas 2000); Fed.R.Civ.P. 8(a)(2)(complaint should contain "short and plain statement" of claims); Fed.R.Civ.P. 8(e)(2)(each claim shall be "simple, concise, and direct"); Fed.R.Civ.P. 10(b)(parties

are to separate their claims within their pleadings "the contents of which shall be limited as far as practicable to a single set of circumstances"). Because plaintiff has failed to set forth the basis for his claims and this Court's jurisdiction, the Court will dismiss this action pursuant to 28 U.S.C. § 1915.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

So Ordered this 23rd day of July, 2010.

                                                    E. RICHARD WEBBER
                                                  UNITED STATES DISTRICT JUDGE